IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MANDY BOLING,** *et al.*                                                                  **PLAINTIFFS**

**v.**                                      **CASE NO. 4:25-CV-00833-BSM**

**PERCY BOATENG,** *et al.*                                                              **DEFENDANTS**

## ORDER

Defendants' motion for judgment on the pleadings [Doc. No. 11] is granted on plaintiffs' direct-negligence claims against Yaya Trucking, and denied on plaintiffs' direct-negligence claim against Percy Boateng.

## I. BACKGROUND

Plaintiffs are suing Yaya Trucking and its driver, Percy Boateng, for injuries they claim to have suffered in a car accident with Boateng. *See* Compl., Doc. No. 2. Plaintiffs are suing Boateng for negligence and Yaya Trucking for negligent entrustment; negligent hiring; negligent retention; and failure to use ordinary care based on Boateng's actions. *Id.* Yaya Trucking admits that Boateng was acting in the course and scope of his employment at the time of the accident. *See* Answer ¶¶ 7–8, Doc. No. 4. Defendants are moving for judgment on the pleadings on plaintiffs' direct-negligence claims against Boateng and Yaya Trucking.

## II. LEGAL STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "appropriate only when there is no dispute as to any material facts and the moving party is

entitled to judgment as a matter of law." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). Rule 12(c) motions for judgment on the pleadings are analyzed similarly to Rule 12(b)(6) motions for failure to state a claim. *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981 (8th Cir. 2016). To overcome a 12(c) motion, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* Materials embraced by the pleadings, as well as exhibits attached to the pleadings, and matters of public record may be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

Judgment on the pleadings is granted on plaintiffs' direct-negligence claims against Yaya Trucking because Yaya Trucking has admitted it is vicariously liable for Boateng's actions. *Elrod v. G & R Const. Co.*, 628 S.W.2d 17, 18–19 (Ark. 1982). When a principal admits it is responsible for the actions of its agent, a plaintiff may not proceed on certain other theories of recovery against the principal. *See Id.* (holding plaintiff could not proceed on negligent entrustment when the defendant admitted vicarious liability); *see also In re Vhso FTCA Litigation*, No. 5:21-CV-5091, 2022 WL 1750628, at *4 (W.D. Ark. May 31, 2022) ("Federal district judges in Arkansas have . . . applied *Elrod* to bar claims of negligent entrustment, hiring, and retention where employers admitted vicarious liability, and punitive damages were unavailable."). Consequently, although plaintiffs allege Yaya Trucking is

liable for its own negligent actions, they are precluded from going forward on those theories because Yaya Trucking has admitted Boateng was acting in the scope of his employment at the time of the accident.  Answer ¶¶ 7–8.  Plaintiffs' argument that their claims are an exception to the ruling in *Elrod* because they are seeking punitive damages is not convincing because they did not plead these damages in the complaint.  *See Wheeler v. Carlton,* No. 3:06-CV-00068-GTE, 2007 WL 30261, at \*12 (E.D. Ark. Jan. 4, 2007) (The *Elrod* rule does not apply "when a plaintiff has a valid claim for punitive damages against the employer."). Likewise, Defendants' additional argument that these claims should be dismissed because plaintiffs do not provide sufficient facts to support their allegations need not be addressed for the reasons discussed above.

Judgment on the pleadings is denied on plaintiffs' direct-negligence claim against Boateng because the rationales barring claims related to negligent entrustment; negligent hiring; and negligent retention against the principal have not been extended to direct-negligence claims against the agent himself. *See Elrod,* 628 S.W.2d at 18–19 (plaintiff could not proceed against *employer* on other claims when employer admitted vicarious liability); *In re Vhso FTCA Litigation,* 2022 WL 1750628, at \*5 ("Because negligent entrustment, hiring, supervision, and retention claims are simply a means of imputing liability [to the principal], pursuing one claim after the other . . . is redundant."); *Moore v. Daniel Enter., Inc.*, No. 04-CV-4081, 2006 WL 1155948, at \*2 (W.D. Ark. April 28, 2006) ("The justification for [the *Elrod* rule] is that the introduction of the bad driving record of the employee is not normally admissible in a negligence lawsuit against the employee, so its

3

introduction against the employer in a negligent entrustment case would be highly prejudicial to the employee and unnecessary when liability is admitted under another theory.").

Plaintiffs' argument that defendants' motion is not ripe for consideration is not convincing because the pleadings have closed. *See Foster Cable Serv., Inc. v. Deville*, 368 F. Supp. 3d 1265, 1271 (W.D. Ark. 2019) (party may file motion for judgment on the pleadings when the pleadings close; i.e., after the complaint and answer have been filed).

## IV. CONCLUSION

For these reasons, judgment on the pleadings is granted on plaintiffs' negligent entrustment; negligent hiring; and negligent retention claims against Yaya Trucking, and denied on plaintiffs' direct-negligence claim against Boateng.

IT IS SO ORDERED this 22nd day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE